## MOORE v BOARD OF COUNTY COMMISSIONERS

Ohio Appeals, 9th Dist, Summit Co
No 1673. Decided Dec. 13, 1929

Holloway & Chamberlain, Akron, for Moore.

Don Isham, Pros Atty and W. A. Spencer, Asst Pros Atty, Akron, for Commissioners.

### PER CURIAM

The plaintiff alleged that at the times referred to in his petition, he was the owner of lot 652 of the Wagoner and Emmons allotment, with a dwelling thereon, located on the east side of Mahlon avenue, a short distance south of the intersection of said avenue with Ellett avenue, and that said allotment at said time was not in a municipality but contiguous to the city of Akron. The plaintiff further alleged that during the spring and summer of 1928, the defendant improved said Ellet avenue under the provisions of 6973, et seq., GC. According to the allegations of said petition, the improvement of said avenue consisted of changing its natural grade and grading and slagging the same. The plaintiff also alleged that by said improvement the defendant enlarged the watershed and changed the flow of the surface water from its natural channel in the vicinity of plaintiff's lot and cast additional water onto four vacant lots adjacent to plaintiff's property and caused the contractor who made said improvement to deposit thereon dirt from said improvement, thereby causing a permanent pond on said adjoining lots, the water from which encroached upon his lot and flowed into his cellar to a depth of 14 inches—all to his damage in the sum of $2000.

The plaintiff's claim, when reduced to its essentials, is simply this: that the county commissioners improved a certain road in such a way as to cast water from that road upon plaintiff's property, to his damage.

The law under which plaintiff alleges said improvement was made, provides for the adoption of plans and specifications and for the giving of notice and for the filing and payment of claims for damages, and the plaintiff does not allege that he was not entitled to notice nor that no notice was given him, nor any excuse or reason why he did not present a claim for and obtain damages in accordance with the provisions of the statutes under which the improvement was made. By alleging that the improvement was made under the provisions of said statutes and not alleging any defect in the proceedings, the plaintiff in effect alleged that the change of the watershed, the incidental change of the natural flow of the surface water and the dumping of the dirt, were all done in accordance with plans and specifications adopted by the defendant in accordance with the said statutes. If the plaintiff's property was so situated and the improvement was of such a character that said statute created a liability against the commissioners in his favor, he would have to allege in his petition, in order to state a cause of action, facts showing why his claim was not presented and passed upon in said proceeding; in other words, why his claim was not barred by the provisions of said statutes.

No such facts were alleged, and it is therefore apparent that the petition does not state a cause of action based upon a liability imposed upon the commissioners by said statute; and we know of no other statute by which such liability is imposed upon defendant, and there is no claim that independent of the improvement under the statutes there was a taking of private property for public use.

Having alleged that the improvement was made in accordance with the statute

and having failed to allege any defect in the proceedings, and having alleged no reason why his claim for damages was not barred, can it be said that the allegations of the petition set forth a claim for damages for a trespass disconnected with an improvement made in pursuance of the special statutes hereinbefore set forth? And if so, can such an action be maintained against defendant, there being no statute authorizing it?

At common law, the board of county commissioners was not liable in its corporate capacity for damages resulting from negligence in the performance of its official duties, nor for damages resulting from trespass committed by it in the prosecution of its official duties.

Commissioners v. Mighels, 7 OS. 109.
Grimwood v. Commissioners, 23 OS. 600.
Commissioners v. Marietta Transfer & Storage Co., 75 OS. 244.
Ebert v. Commissioners, 75 OS. 474.
Commissioners v. Darst, 96 OS. 163.

Our attention has been called to the case of Smith et al., v. Commissioners, 50 OS. 628.

As we view it, that case is not applicable upon the question of a liability other than that imposed by the statute under which that improvement was made, because it did not involve any wrong, neglect or default on the part of the commissioners, and would only be applicable in the in-stant case if the plaintiff had alleged a defect in the proceedings and a good reason why his damages were not allowed under the statute.

The plaintiff having failed to state in his petition a cause of action based upon the liability imposed by the statutes, and the board of county commissioners not being liable in their official capacity for the claim that was made in the petition, the trial court was right in entering judgment for the defendant.

Funk, PJ., Pardee, J., and Washburn, J., concur.